# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| REGINALD CUNNINGHAM, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>NAMAN, LLC, d/b/a WAYFARER MOTEL, d/b/a SEA DUNES OCEAN FRONT MOTEL,<br><br>*Defendants*. | Civil Action No. _____<br><br>**FLSA COLLECTIVE ACTION<br>AND<br>RULE 23 CLASS ACTION**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff Reginald Cunningham ("Cunningham" or "Plaintiff"), individually and on behalf of all others similarly situated, respectfully offers the following for his Complaint against Naman, LLC, d/b/a Wayfarer Motel and d/b/a Sea Dunes Ocean Front Motel ("Wayfarer" or "Sea Dunes" or collectively "Defendant") and alleges upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. This action is brought individually and as a collective action for actual damages, liquidated damages, attorneys' fees and costs, and for other relief under the Fair Labor Standards Act of 1983, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"). The collective action provisions under FLSA § 216(b), provide for opt-in class participation.

2. This action is also brought individually and as a class action for payment of wages and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. §

41—10-10, *et seq.* ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

### A. Plaintiff

1. Plaintiff Reginald Cunningham is a Florida Citizen who resides in Lakeland, Florida.

2. At all times relevant to this Complaint, Plaintiff Reginald Cunningham lived and worked at Wayfarer in Myrtle Beach, South Carolina.

3. Plaintiff brings this action on his own behalf and as representative of a class of individuals further defined herein.

### B. Defendant

4. Upon information and belief, Defendant Naman, LLC, d/b/a Wayfarer Motel and d/b/a Sea Dunes Ocean Front Motel, is a South Carolina limited liability company registered and authorized to do business within the State of South Carolina. Wayfarer Motel is located at 311 North Ocean Boulevard, Myrtle Beach, SC 29577. Sea Dunes Ocean Front Motel is located at 605 South Ocean Boulevard, Myrtle Beach, SC 29577. The owner of the motels, Naman, LLC, is Mr. I G Patel, ("Mr. Patel). Naman, LLC, maintains a registered agent in South Carolina located at 311 North Ocean Boulevard, Myrtle Beach, SC 29577.

## JURISDICTION AND VENUE

5. The Court has personal jurisdiction over the Defendant as it is organized under the laws of, doing business, and maintaining its principal place of business in, South Carolina pursuant to South Carolina Code Ann. § 36-2-802.

6. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to FLSA, 29

U.S.C. § 216(b), and under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the SCPWA state law claim under 28 U.S.C. § 1367 because the SCPWA claim arise out of the same transaction or occurrence as the federal claim.

7. Plaintiff brings this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals who were employed by Defendant at any time within the three years prior to joining this lawsuit, who were nonexempt employees paid an hourly rate less than one-and-a-half times their normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

8. Plaintiff also brings this action as an opt-out action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of individuals, who were employed by Defendant, as outlined above, within the three years prior to filing of this lawsuit and were non-exempt employees who worked at Defendant's motels and Defendant illegally deducted amounts from their wages without written or legal authorization.

9. Upon information and belief, this action satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

    a. The proposed class is so numerous that joinder of all individual members in this action is impracticable;

    b. There are questions of law and/or fact common to the members of the proposed class because, like Plaintiff, all hourly employees worked for the same employer under the same payment terms;

    c. The claims of Plaintiff are typical of the claims of the proposed class because all hourly employees who worked overtime were not paid at the rate mandated by the FLSA; and

      d.  Plaintiff will fairly and adequately protect the interests of the class.

10. In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

11. Venue in this district is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant resides in this District, a substantial part of the conduct giving rise to Plaintiff's claims occurred in this District, Defendant transacts business in this District, and has intentionally availed itself of the laws and markets within this District.

12. The work and pay records of Plaintiff and the proposed class members are in the possession, custody, and/or control of Defendant, and Defendant is under a duty, pursuant to 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained.

## FACTUAL ALLEGATIONS

13. Plaintiff Cunningham was employed by Defendant and worked at Wayfarer from August 12, 2020 to January, 5, 2022, most recently as a front desk representative.

14. Plaintiff Cunningham was living in Myrtle Beach, SC at Wayfarer. During Plaintiff's stay at the Wayfarer, the owner of the motel, Mr. Patel, told Plaintiff that the Wayfarer needed an employee for housekeeping work at the motel. Plaintiff agreed and began working at the Wayfarer.

15. Around February or March 2021, Mr. Patel told Plaintiff that the Wayfarer needed an employee that could always be present on the motel grounds and do additional tasks such as working the front desk. With this agreement, the added housekeeping Plaintiff would perform would replace any subsequent rental payments. Plaintiff agreed to this arrangement and worked for Wayfarer under this agreement until January 2022.

16. Under this agreement, Plaintiff was paid nine dollars ($9.00) an hour for the first forty (40) hours he worked each week as a front desk representative. Mr. Patel paid the first forty (40) hours in compliance with the law. Any hours Plaintiff worked over forty (40), Mr. Patel would pay Plaintiff eight dollars ($8.00) an hour "off the books" as unreported employment. The pay period, as referred to herein, at Wayfarer and Sea Dunes is seven (7) days from Monday to Sunday.

17. Plaintiff regularly worked many hours in excess of forty (40) hours per week. For example, Plaintiff has documentation showing he worked fifty-six (56) hours for one pay period, and Plaintiff was paid one hundred and twenty-eight dollars (16 hours x $8.00 dollars= $128.00).

18. Upon information and belief, all hourly workers of Defendant are paid off the books, in cash, for any hours worked in excess of forty (40).

19. Upon information and belief, all hourly workers of Defendant are paid at their normal hourly rate minus one dollar for any hours worked in excess of forty (40). As an example, if an employee was paid ten dollars ($10.00) an hour for their first forty (40) hours they worked, that same employee would be paid in cash at a rate of nine dollars ($9.00) an hour for any hours in excess of forty (40).

20. In November 2021, Plaintiff discovered wage and hour laws and realized Plaintiff was not being paid in accordance with the FLSA and SCPWA. Specifically, Wayfarer Motel failed to pay Plaintiff at the proper rate of one-and-a-half times their normal rate of pay for all hours

5

worked in excess of forty (40) hours per work week, as required by the FLSA. Plaintiff should have been paid thirteen dollars and fifty cents ($13.50) for the hours he worked in excess of forty (40).

21.  By not paying Plaintiff and other employees at the proper overtime rate, Defendant violated the SCPWA as § 41-10-40(c) forbids an employer from withholding any portion of an employee's wage.

22.  In December 2021, Plaintiff wrote Mr. Patel a letter, and filed a complaint with the Department of Labor, stating that Mr. Patel needed to appropriately pay Plaintiff for the overtime he worked. When Plaintiff showed this letter to Mr. Patel, Mr. Patel fired Plaintiff.

## CAUSES OF ACTION

## COUNT I

### Violation of Fair Labor Standards Act
### (Failure to Pay Overtime Wages)

23.  Plaintiff repeats and re-alleges the allegations above as if set forth herein.

24.  At all relevant times, Defendant was and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d)

25.  Further, Plaintiff and proposed members of the class were "employees" of Defendant for purposes of the FLSA during times relevant to this Complaint.

26.  Plaintiff and proposed class members routinely worked more than forty (40) hours per week without being compensated at a rate of one-and-a-half times their normal rate of pay for all hours over forty (40) per week.

27.  Defendant failed to pay Plaintiff and members of the class at the rate of one-and-a-half times their normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

28. Plaintiff and members of the class are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

29. The failure of Defendant to compensate Plaintiffs properly for overtime work, as required by the FLSA, was willful or in reckless disregard of the FLSA.

30. As a result, Plaintiffs seek to recover unpaid overtime compensation at the rate of one-and-a-half times their normal rate for all hours worked over forty (40) in a workweek, liquidated damages in an equal amount, and their reasonable attorneys' fees and costs in bringing this action pursuant to 29 U.S.C. § 216(b).

## COUNT II

### Violation of South Carolina Payment of Wages Act

31. Plaintiff repeats and re-alleges the allegations above as if set forth herein.

32. The Defendant is an "employer" as defined by the SCPWA, S.C. Code Ann. § 41-10-10(1).

33. Defendant employed Plaintiff and proposed class members who worked at Wayfarer and Sea Dunes.

34. Defendant owes Plaintiff and proposed class members "wages" as defined by the Act.

35. Plaintiff and proposed class members worked for Defendant with the clear understanding and agreement with Defendant that their compensation would be consistent with all applicable laws, including state wage laws.

36. Pursuant to SCPWA § 41-10-40(C), "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law..."

37. Further, "any changes [to] the terms [of wages] must be made in writing at least seven calendar days before they become effective." SCPWA § 41-10-30(A)

38. Defendant has failed to pay Plaintiff and the proposed class members all wages due as required by the SCPWA.

39. Defendant illegally deducted amounts from the wages of Plaintiff and proposed class members without proper authorization and absent any lawfully sufficient reason for such conduct.

40. Defendant has no bona fide dispute of why it took this action.

41. As a result of Defendant's unlawful policies and practices as set forth above, Plaintiff and the proposed class members have been deprived of proper and lawful compensation which Defendant promised to pay due Defendant's commitment to abide by applicable wage and hour laws. Further, this lack of proper and lawful compensation is in violation of the SCPWA's mandate that no wages be withheld or diverted, unless required or permitted under applicable law.

42. Pursuant to the SCPWA, Plaintiff and the proposed class members are entitled to recover in this action an amount equal to three times the full amount of their deducted wages, as outlined above, plus costs and reasonable attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for relief and judgment as follows:

a. An order authorizing the sending of appropriate notice to current and former employees of Defendant who are potential members of the collective action, but have yet "opted-in," under the FLSA;

b. Actual damages in the amount of overtime wages due;

c. Liquidated damages of an equal amount;

d. Reasonable attorneys' fees and costs;

e. An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

f. Actual damages in the amount of wages due under SCPWA;

g. Treble damages pursuant to SCPWA;

h. Reasonable attorneys' fees and costs;

i. Injunctive relief ordering Defendant to amend its wage and hour policies to comply with applicable federal and state laws; and

j. Such further relief as the Court deems just and proper.

**FURTHER WHEREFORE,** Plaintiffs demand a jury trial on all issues set forth herein to the extent permitted by law.

Dated: April 20, 2023					Respectfully submitted,

**POULIN | WILLEY | ANASTOPOULO, LLC**

BY: */s/ Paul Doolittle*
Paul Doolittle, Esq.
SC Attorney ID: 66490
FED ID: 6012

        Blake G. Abbott, Esq.
        SC Attorney ID: 104423
        FED ID: 13354
        32 Ann Street
        Charleston, SC 29403
        (P): (843) 614-8888
        (F): (843) 494-5536
        Email: pauld@akimlawfirm.com
              blake@akimlawfirm.com

    **-AND-**

**LAW OFFICE OF ROBERT M. TURKEWITZ, LLC**

    Robert M. Turkewitz
    Federal ID No.:  4902
    768 St. Andrews Boulevard
    Charleston, South Carolina  29407
    Ph.    843-628-7868
    Fax    843-277-1438
    Email:  rob@rmtlegal.com

    **-AND-**

**KNOWLES LAW FIRM, PC**
    Brian M. Knowles, Esquire
    Federal ID No.:  9694
    768 St. Andrews Blvd., Charleston, SC 29407
    T:  843-810-7596
    F:  877-408-107
    Email: brian@knowlesinternational.com

**ATTORNEYS FOR THE PLAINTIFF**