UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| REGINALD CUNNINGHAM, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>NAMAN, LLC, D/B/A WAYFARER MOTEL, D/B/A SEA DUNES OCEAN FRONT MOTEL,<br><br>Defendants. | Civil Action No: 4:23-cv-01632-JD<br><br><br><br>**JOINT MOTION AND MEMORANDUM TO ALLOW THE COURT'S *IN CAMERA* REVIEW OF THE PARTIES' SETTLEMENT AGREEMENT** |

Defendant, Naman, LLC d/b/a Wayfarer Motel d/b/a Sea Dunes Ocean Front Motel ("Defendant"), by and through its undersigned counsel, and Plaintiff, Reginald Cunningham ("Plaintiff"), by and through his undersigned counsel (Plaintiffs and Defendant jointly, "Parties"), hereby jointly move for an Order allowing the Parties to submit their Settlement Agreement in this case to the Court, via email, for the Court's *in camera* review thereof. This practice comports with statutory law applicable to this matter and has been routinely followed by the courts in this District.

**I.     NATURE OF CASE AND PERTINENT FACTS**

This case concerns Plaintiff's claim that Defendants violated the Fair Labor Standards Act (the "FLSA") by failing to pay Plaintiff all overtime wages. (See ECF No. 1 – Compl.). Plaintiff filed this case on April 20, 2023. (Id.).

Prior to the filing of this case, on January 3, 2023, Plaintiff initiated a case against Naman, LLC and I.G. Patel, *Civil Action No. 4:23-cv-00020-JD*. In *Civil Action No. 4:23-cv-00020-JD*, Plaintiff alleges that Naman, LLC and I.G. Patel violated the FLSA by terminating Plaintiff's employment from the Wayfarer Motel in retaliation for Plaintiff initiating an investigation into

Defendant's pay practices with the United States Department of Labor (the "DOL") (the "Retaliation Case"). This case and the Retaliation Case arise out of the same common nucleus of facts. Accordingly, by the time this case was filed, Plaintiff was already in possession of documents and records pertinent to the two cases and the parties had already begun to discuss the potential for settlement.

Between late April and early June 2023, the Parties engaged in substantial settlement discussions and negotiations in an effort to resolve both this case and the Retaliation Case. In doing so, the Parties have reviewed documents and records pertinent to this case and the Retaliation Case; have assessed and calculated the potential damages in this case and the Retaliation Case, and both sides, believing their own positions to have merit, recognized the uncertain outcome, risk, and expense of continued proceedings through trial and any possible appeals. Therefore, on or around June 12, 2023, the Parties reached a settlement of both this case and the Retaliation Case, which they believe to be fair, reasonable, and in their best interests.

On June 28, 2023, the Parties filed a Joint Motion For Approval of FLSA Settlement, which seeks the Court approve the Parties' settlement in this matter. (ECF No. 9 – Joint Motion to Approve FLSA Settlement). Contemporaneously therewith, the Parties' provided the Court with a copy of their Settlement Agreement, via email, for the Court's *in camera* review. Plaintiff and Plaintiff's counsel supplemented the Joint Motion with the filing of Plaintiff's Verified Petition for Approval of Settlement and Declaration of Counsel, filed on August 16, 2023. (ECF No. 10 – P's Ver. Petition for Settlement and Dec. of Counsel). The Parties' Joint Motion for Approval of FLSA Settlement is currently pending before the Court.

The Parties agreed within their Settlement Agreement to keep the terms of the Settlement Agreement confidential. The terms of the Settlement Agreement neither require the Court to

enforce any secrecy requirement, nor do the Parties seek any Court Order requiring confidentiality. Further, the Parties do not seek that their Settlement Agreement be filed under seal. Rather, the Parties simply seek that they be permitted to submit their Settlement Agreement to the Court, via email, for the Court's *in camera* review, and that the Parties not be required by the Court to e-file a copy of their Settlement Agreement.

## II.     ARGUMENT

The Parties jointly move this Court for an Order allowing them to submit their Settlement Agreement to the Court, via email, for its *in camera* review. This procedure comports with statutory law applicable to this matter and has been followed by this District in numerous other FLSA cases.

There is no statutory requirement that a settlement agreement in an FLSA case must be filed with the Court through the Court's e-filing system or that such an agreement must be made part of the Court's public record. See 29 U.S.C. § 201, et. seq. In Byron Alcantara, et. al. v. Duran Landscaping, Inc., No. 2:21-cv-03947-JDW, 2022 WL 2703610, at *2, (E.D. Pa. July 12, 2022),[1] the District Court for the Eastern District of Pennsylvania reviewed the language in the FLSA with regard to court supervision of FLSA settlements, finding in pertinent part, as follows:

> The FLSA includes a private right of action against any "employer who violates" the…provisions of the statute. 29 U.S.C. § 216(b). The statute permits the Secretary of Labor to file a case and administer a settlement. *See* 29 U.S.C. § 216(b)-(c). Neither of those provisions[,] nor any other part of the FLSA requires a court to approve a settlement between an individual plaintiff and an employer, a fact that other courts have noted. *See, e.g., Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 403 (2d Cir. 2019); *Horton v. Right Turn Supply, LLC*, 455 F.Supp.3d 202, 205 (W.D. Pa. 2020) (citing *Fails v. Pathway Leasing LLC*, No. 18-CV-00308, 2018 WL 6046428, at *2 (D. Colo. Nov. 19, 2018)).

---

[1] A copy of the Byron case is attached hereto for the Court's review as "Exhibit 1."

Although the Parties in this case are not requesting to settle this matter without the Court's approval, it is noteworthy that nothing within the FLSA requires such approval. Comparably, nothing within the FLSA requires parties' settlement agreements to be filed in a case. See 29 U.S.C 201, et. seq. Neither the Federal Rules of Civil Procedure, nor the Local Civil Rules (D.S.C.) require the Parties to file or otherwise publish the Settlement Agreement in this matter.

The Parties acknowledge, pursuant to Local Civil Rule 5.03(E) (D.S.C.), no settlement agreement filed with the court shall be sealed. However, the Parties are neither requesting their Settlement Agreement be filed in this matter, nor that it be filed under seal. Instead, the Parties simply seek that the Court review the terms of the Settlement Agreement *in camera*, as the Parties have agreed, amongst themselves, to keep the terms of their settlement confidential.

Nothing about reviewing the Parties' Settlement Agreement *in camera* violates Local Civil Rule 5.03(E) (D.S.C.).[2] Here, the Parties do not seek that the Court order the Parties to keep the terms of the Settlement Agreement confidential and the Parties' Settlement Agreement does not involve "court enforced secrecy" since the penalty for disclosure is not contempt of court. Judge Anderson has distinguished the differences between allowing parties to agree, via contract, to keep something confidential versus seeking that the Court order parties to do so by stating, in pertinent part:

> [Local] Rule 5.03 addresses court ordered secrecy, i.e., a settlement whereby the parties consent to an order of the court directing that the settlement, the court documents, or whatever else the parties agree upon, remain secret. It is one thing to say that the parties have the right, as they do, to agree upon secrecy inter se; it is quite another to suggest that there is some legal right to force a judge to sign an

---

[2] Even in the event that the Court believes there to be some requirement to file a settlement agreement within the Local Civil Rules (D.S.C.), the Court has the discretion, pursuant to Local Civil Rule 1.02 (D.S.C.), to suspend or modify any Local Civil Rule for good cause shown, which the Parties believe exists here.

>order requiring that the parties "hush up" on pain of contempt of court.

Joseph F. Anderson, Jr., *Hidden From the Public by Order of the Court: The Case Against Government-Enforced Secrecy*, 55 S.C. L. Rev. 711, 727 (2004). What the Parties seek here is not an Order requiring the Parties to keep silent. Rather, the Parties have agreed amongst themselves not to disclose the terms of their Settlement Agreement and simply desire the Court not to require the Settlement Agreement to be e-filed.[3]

The procedure requested by the Parties in this matter has been approved and followed in numerous previous FLSA actions filed in this District. Defense counsel has represented other parties in settlements of at least five (5) cases involving FLSA claims in the United States District Court for the District of South Carolina where the parties' settlement agreement was submitted for review *in camera* and approved by the Court under such circumstances. Such cases, include, without limitation: Pointer, et. al. v. Nakato SC, Inc. d/b/a Nakato Japanese Steakhouse, et. al., No. 4:18-cv-01629-MGL (D.S.C. June 20, 2019),[4] Weaver, et. al. v. Label Hospitality Group, LLC d/b/a Rooster's Restaurant Bar and Grill, et. al., No. 4:15-cv-03456-RBH (D.S.C. July 11, 2017),[5] Foster, et. al. v. M5 Hospitality Group, LLC d/b/a Good Time Charley's, et. al., No. 4:14-cv-04517-RBH (D.S.C. June 27, 2017),[6] Spallone, et. al. v. SOHO University, Inc. d/b/a SOHO 544, et. al., No. 4:15-cv-01622-RBH (D.S.C. June 8, 2017),[7] and Lynch, et. al. v. Dining Concepts

---

[3] The Parties acknowledge that part of their Joint Motion For Approval of Settlement is a request that the Court retain jurisdiction of this action until all obligations pursuant to the Settlement Agreement have been met and a stipulation of the dismissal is filed. In the event the Parties seek Court enforcement of any aspect of the Settlement Agreement before a stipulation of the dismissal is filed, the Parties do acknowledge the Settlement Agreement will need to be filed and made part of the record.

[4] The Order approving settlement in the Nakato case was ECF No. 41.

[5] The Order approving settlement in the Rooster's case was ECF No. 63.

[6] The Order approving settlement in the Good Time Charley's case was ECF No. 109.

[7] The Order approving settlement in the SOHO case was ECF No. 100.

Group, LLC d/b/a Wicked Tuna, et. al., No. 2:15-cv-00580-PMD (D.S.C. June 8, 2016).[8] This procedure was also followed in: Tyler McCoy, et al. v. RP, Inc., et al., No. 2:14-cv-3171-PMD (D.S.C. April 27, 2016);[9] Andrew W. Browder, et al. v. Peninsula Grill Associates, LLC, No. 2:14-cv-4135-PMD (D.S.C. Dec. 8, 2015);[10] and Bret Herspold, et al. v. King Kong Sushi Bar & Grill, LLC, No. 4:14-CV-03418-RBH (D.S.C. Aug. 27, 2015).[11] Therefore, *in camera* review of parties' settlement documents has been utilized and deemed acceptable by the court on numerous occasions in FLSA actions within this District.

Finally, the Parties believe their contractual agreement to keep the terms of their settlement confidential is fair and reasonable. The Parties were engaged in a *bona fide* dispute as to Plaintiff's FLSA claims in both this case and the Overtime Case. The Parties have reached an agreement that both sides believe is fair to one another, part of which is that the terms of such agreement remain confidential. "Generally, parties are free to contract for terms upon which they agree." South Carolina Dept. of Consumer Affairs v. Rent-A-Center, Inc., 345 S.C. 251, 255 (Ct. App. 2001) (citing Huckaby v. Confederate Motor Speedway, Inc., 276 S.C. 629, 630, 281 S.E.2d 223, 224 (1981) ("[P]eople should be free to contract as they choose.")). Requiring the Parties to file their Settlement Agreement does not serve any beneficial purpose. Conversely, it chills settlement in of future litigation and invites the risk of additional litigation, as others may be encouraged to initiate litigation against Defendants, whether with or without merit. Therefore, the Parties respectfully request the Court permit the Parties to submit their Settlement Agreement to the Court, via email, for the Court's *in camera* review.

---

[8] The Order approving settlement in the Wicked Tuna case was ECF No. 88.
[9] The Order approving settlement in the McCoy case was ECF No. 102.
[10] The Order approving settlement in the Peninsula Grill case was ECF No. 52.
[11] The Order approving settlement in the King Kong Sushi case was ECF No. 102.

### III.  CONCLUSION

In sum, the Parties have entered into a Settlement Agreement in this case, which they have requested be approved by the Court (see ECF No. 19 – Joint Motion to Approve FLSA Settlement, ECF No. 20 – P's Ver. Petition for Approval of Settlement and Dec. of Counsel). In an effort to preserve the confidentiality of the terms of the Parties' Settlement Agreement, the Parties seek permission to submit the Settlement Agreement to the Court, via email, for the Court's *in camera* review. This procedure does not violate any applicable statutory law and it has been a common practice of Courts within this District to do so. The e-filing and/or publication of the Parties' Settlement Agreement would serve no benefit to any party or to the Court and, conversely, would result in a heightened risk of harm to Defendants. For these reasons, the Parties jointly and respectfully request the Court permit the Parties to submit their Settlement Agreement to the Court, via email, for the Court's *in camera* review.[12]

[SIGNATURE PAGE TO FOLLOW]

---

[12] The Parties acknowledge the Court's preference that requests for *in camera* review be made prior to the filing of documents. The Parties were unaware of such preference at the time they filed their Joint Motion for Approval of FLSA Settlement (ECF No. 19). The Parties are agreeable to withdrawing ECF Nos. 19 and 20 until such time the present Motion is resolved if the Court prefers.

**WE SO MOVE AND CONSENT:**

| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANTS |
|---|---|
| s/Paul Doolittle | s/Holly M. Lusk |
| **POULIN WILLEY ANASTOPOULO, LLC** | **BELLAMY, RUTENBERG, COPELAND, EPPS, GRAVELY & BOWERS, P.A.** |
| Paul Doolittle, Esq. | Benjamin A. Baroody District Court ID 9442 |
| SC Attorney ID: 66490, FED ID: 6012 | Holly M. Lusk District Court ID 12587 |
| Blake G. Abbott, Esq. | Post Office Box 357 |
| SC Attorney ID: 104423, FED ID: 13354 | Myrtle Beach, South Carolina 29578-0357 |
| 32 Ann Street | 843-448-2400, Fax: 843-448-3022 |
| Charleston, SC 29403 | bbaroody@bellamylaw.com |
| (P): (843) 614-8888 | hlusk@bellamylaw.com |
| (F): (843) 494-5536 | |
| Email: pauld@akimlawfirm.com | |
| blake@akimlawfirm.com | |

s/Robert M. Turkewitz
**LAW OFFICE OF
ROBERT M. TURKEWITZ, LLC**
Robert M. Turkewitz, Esq.
Federal ID No.: 4902
768 St. Andrews Boulevard
Charleston, SC 29407
Ph. 843-628-7868
Fax 843-277-1438
Email: rob@rmtlegal.com

s/Brian M. Knowles
**KNOWLES LAW FIRM, PC**
Brian M. Knowles, Federal ID No.: 9694
768 St. Andrews Blvd.
Charleston, SC 29407
T: 843-810-7596
F: 877-408-1078
Email: brian@knowlesinternational.com