UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| REGINALD CUNNINGHAM, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) | Civil Action No: 4:23-cv-01632-JD |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER APPROVING SETTLEMENT UNDER THE FAIR LABOR STANDARDS ACT** |
| NAMAN, LLC, D/B/A WAYFARER MOTEL, D/B/A SEA DUNES OCEAN FRONT MOTEL, | ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the Court on of Joint Motion for Approval of Fair Labor Standards Act Settlement. (DE 9.) The attorneys for Plaintiff, Reginald Cunningham ("Plaintiff"), and Defendants, Naman, LLC d/b/a Wayfarer Motel d/b/a Sea Dunes Ocean Front Motel ("Defendants"), request approval of the settlement reached between the Parties.

Plaintiff alleged that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereafter "FLSA"), in particular, by violating § 207 by failing to pay all overtime wages. There are disputes between the Parties as to the underlying facts and law. Nonetheless, the Parties believe the settlement reached and agreed upon to be a fair and reasonable settlement of their dispute, given the uncertainty as to liability and damages and the estimated future litigation costs.

The settlement of FLSA claims outside the context of Department of Labor-supervised settlements requires court approval. Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982); Clark v. Ecolab Inc., 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). If the proposed settlement reflects a reasonable

compromise over contested issues, the settlement should be approved. Lynn's Food Stores, Inc., 679 F.2d at 1354.

In support of the Joint Motion, Plaintiff filed a Verified Petition for Approval of Settlement and Declaration of Counsel. (DE 10.) Thereafter, the Court issued a text order requiring the parties, "at a minimum, provide the Court with an assessment of the probability of success on the merits an amount expressed by percentage or ratio (instead of the settlement amount) in relation to the potential of recovery." (DE 13.) In response, Plaintiff filed two declarations, one from his counsel and one on behalf of himself. (DE 14, 15.) After due consideration and inquiry into the circumstances surrounding the proposed settlement of Plaintiff's FLSA claim against Defendants, the Court finds and concludes that the proposed settlement, in this case, meets the standard for approval as it reflects a reasonable compromise of a bona fide dispute. The Court finds and concludes that the proposed settlement is fair and reasonable and in the best interest of the Parties. The Court further finds the settlement to have been reached in good faith.

The receipt of payment by the Plaintiff in this matter shall constitute an accord, satisfaction, and release of any and all claims for overtime wages under the FLSA that the Plaintiff may have against the Defendants arising out of Plaintiff's employment with Defendants.

Based upon the Parties' joint request to approve the settlement and after review of the record, the court approves the settlement as requested.

**AND IT IS ORDERED**.

Joseph Dawson, III
United States District Judge

October 31, 2023
Florence, South Carolina

4:23-cv-01632-JD     Date Filed 10/31/23     Entry Number 16     Page 3 of 3